UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALLAN McCALLUM,

    Plaintiff,

v.	Case No. 1:15-CV-700

CORIZON, INC.,	HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This suit under 42 U.S.C. § 1983 arises out of Defendant's treatment of Plaintiff's hernia while Plaintiff was incarcerated by the Michigan Department of Corrections. Defendant is a private corporation whose employees provide health care services for MDOC inmates. Plaintiff claims that Defendant was deliberately indifferent to his medical needs by not allowing Plaintiff to use a hernia belt and by failing to timely perform surgery to treat the hernia.

On June 21, 2017, Magistrate Judge Phillip J. Green issued a Report and Recommendation (R & R) recommending that Defendant's motion for summary judgment be granted as to all of Plaintiff's claims. (ECF No. 78.) Plaintiff timely objected. (ECF No. 83.) Defendant filed a response to the objection (ECF No. 85.) Upon receiving objections to a Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R found that Plaintiff had failed to produce any evidence showing (1) deficiency

in the medical care he did receive and (2) "an Eighth Amendment violation was caused by defendant's policy or custom." (ECF No. 78 at PageID.976.)

Plaintiff's objection simply reasserts what Plaintiff provided in his affidavit in opposition to summary judgment: that his hernia was a painful condition, he was deprived of a hernia belt, and that he waited for more than two years before receiving surgery. (ECF No. 83 at PageID.999.) But to survive summary judgment, Plaintiff also needed to "demonstrate a genuine issue of material fact as to whether his injury is the result of a policy or custom" of Defendant. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Plaintiff's objection makes no argument regarding the R & R's conclusion that he had failed to make this demonstration. Plaintiff has waived any objection to this finding. *See Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016), *cert. denied sub nom. Carter v. Jenkins*, 137 S. Ct. 637 (2017) ("In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'") (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)).

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's objection (ECF No. 83) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 78) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 43) is **GRANTED**.

This case is concluded.

A separate judgment will enter.

Dated: August 11, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE